**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 07-4016**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CARLOS EDWARD CARMELO,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  James C. Fox, Senior
District Judge.  (5:06-cr-00153-F-ALL)

―――――――――

Submitted:  December 13, 2007      Decided:  December 18, 2007

―――――――――

Before NIEMEYER, MOTZ, and SHEDD, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.  George E. B. Holding, United States Attorney, Anne M.
Hayes, Banumathi Rangarajan, Assistant United States Attorneys,
Raleigh, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlos Edward Carmelo appeals his jury conviction and fifty-one month sentence on one count of unlawful possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (2000). On appeal, Carmelo claims only that the district court erred by allowing the Government to present testimony about a suppressed firearm, thereby making Carmelo choose between exercising his Sixth Amendment right to confront witnesses against him and his Fourth Amendment right against unreasonable searches and seizures. According to Carmelo, had he challenged the witnesses' testimony regarding the suppressed firearm's existence, he would have opened the door to the firearm's admission and vitiated the district court's suppression order. Finding no error, we affirm the district court's judgment.

Because Carmelo asserts this constitutional error for the first time on appeal, we review for plain error. See United States v. Walker, 112 F.3d 163, 166 (4th Cir. 1997). To demonstrate plain error, Carmelo must establish that error occurred, that it was plain, and that it affected his substantial rights. See United States v. Hughes, 401 F.3d 540, 547-48 (4th Cir. 2005). Carmelo has failed to meet this burden.

Because police arrived at Carmelo's residence in response to a 911 call and therefore had a legitimate reason for peering into Carmelo's vehicle, the district court correctly determined

that police could testify about initially seeing the firearm in the vehicle even if the firearm was later suppressed as unlawfully seized. See Alvarez v. Montgomery County, 147 F.3d 354, 358 (4th Cir. 1998) (recognizing that an officer's lawful entry onto a defendant's property is not diminished even if the officer later violates the Fourth Amendment). Moreover, several months after the weapon was observed in Carmelo's vehicle, Carmelo admitted to police that the weapon belonged to him. Because it is undisputed that this evidence did not emanate from the unlawful seizure by police, the district court correctly allowed the Government to present testimony about the firearm. Cf. Segura v. United States, 468 U.S. 796, 804 (1984) (holding that the exclusionary rule precludes the introduction of evidence obtained as a result of an illegal search and seizure).

In any event, given the overwhelming evidence presented by the Government regarding Carmelo's possession of three other firearms, we find that even if the district court did err, the error was harmless. See Hughes, 401 F.3d at 548 (holding that the error must "actually affect[] the outcome of the proceedings") (internal quotation marks omitted). Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED